**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:26CV-P80-CRS**

**QUINTON LASHAWN HAMPTON** **PLAINTIFF**

**v.**

**ANDY BESHEAR *et al.*** **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Quinton Lashawn Hampton filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I. SUMMARY OF COMPLAINT

Plaintiff filed the instant action on May 1, 2026.[1] He sues Governor Andy Beshear, Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews, Kentucky Parole Board members Melissa Chandler and Larry Brock, and KDOC Administrative Specialist Candella Smith. He sues each Defendant in his or her individual and official capacities.

Plaintiff states that on November 30, 2021, he was charged with being a convicted felon in possession of a firearm and association with a convicted felon by the Kentucky Parole Board. He reports that on January 3, 2022, a preliminary hearing was conducted and probable cause was found while he "was still going to court in Hart County over said charge." He states that a revocation hearing was held on February 24, 2022, by Chandler and Brock and that his parole was revoked while he "was still going to court in Hart County over said charge." He reports that on February 25, 2022, his parole was deferred by 18 months and 455 days of street credit were taken by Chandler and Brock. He states that Beshear and Crews "allowed it all to happen."

[1] Under the prison mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

Plaintiff further asserts that he was indicted for possession of a firearm by a convicted felon on April 4, 2022. He reports that on October 4, 2022, the indictment was dismissed with prejudice after he was found not guilty of the charge. He states that shortly after that his lawyer filed a request for reconsideration and on October 24, 2022, the Parole Board denied his request after he was found not guilty of the charge.

Plaintiff states that these actions violated his rights under the Fifth, Sixth, Ninth, and Fourteenth Amendments, as well as his rights to due process and equal protection. Plaintiff also asserts that while he was serving the 18 month deferment his mother "was passing away." He states that he was paroled on August 1, 2023, and that his mother died 45 days later, "causing a lot of pain, suffering and mental health." He states, "Now that I have served out I have no choice but to seek compensation in other forms. They can't give that time back with my mom or the 455 days they have still yet to give me back."

As relief, he seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

*Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**III. ANALYSIS**

Because 42 U.S.C. § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under the standard accrual rule, the limitations period starts when "the plaintiff has a complete and present cause of action." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021). By contrast, courts sometimes apply the "discovery" rule, under which the limitations period starts when the plaintiff "knows of" or "should have known of" the cause of action. *Id*.

Thus, the statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have

discovered) the cause of action" (the "discovery" rule). *Id.* (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 12–15 (2019)).[2] In *Dibrell*, the Sixth Circuit declined to decide which rule applied to the plaintiff's excessive-force claims because the claims "would be untimely either way." *Id*. at 1162.

The Court finds that Plaintiff's claims in this action are also untimely under either rule. Plaintiff's constitutional claims are based on his assertion that the Parole Board revoked his parole before he was indicted or convicted of the charge of being a felon in possession of a firearm and that the Parole Board denied his request for reconsideration after he was acquitted of the charge. The Court finds that Plaintiff knew the allegedly unconstitutional actions occurred and had a complete cause of action, at the very latest, on October 24, 2022, the date the Parole Board denied his request for reconsideration. Plaintiff then had until October 24, 2023, to file his claims against Defendants. Plaintiff did not bring this action until May 1, 2026, approximately two and a half years after the statute of limitations expired. Thus, Plaintiff's claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted. *See*, *e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

[2] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: September 2, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.010